# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINKEPIC INC., a Nevada corporation; GMAX INC., a Nevada corporation; VEOXO INC., an Illinois corporation; and JUSTIN LONDON, an individual, | ) ) ) ) |
| Plaintiffs, | ) Case No. 12-cv-9058 |
| v. | ) Judge Edmund E. Chang ) |
| VYASIL, LLC, a California company, d/b/a eWITTAS; MEHUL VYAS, an individual; KARL WITTSTROM, an individual; RYAN TANNEHILL, an individual; and HEMANG VYAS, an individual, | ) Magistrate Judge Maria Valdez ) ) ) ) |
| Defendants. | ) |

## MOTION OF DEFENDANTS WITTSTROM AND TANNEHILL
## FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 6(b), Defendants Karl Wittstrom ("Wittstrom") and Ryan Tannehill ("Tannehill"), by and through their attorneys, respectfully request that this Court enter an Order granting Wittstrom and Tannehill an extension of time to and including January 18, 2013 to respond to Plaintiffs' Complaint. In support thereof, Wittstrom and Tannehill state as follows:

1. Wittstrom, a California resident, was served with the Summons and Complaint in this case on November 28, 2012. Tannehill, a California resident, was served with the Summons and Complaint in this case on November 29, 2012. Of the twelve counts in the Complaint, three are directed against Wittstrom and Tannehill: Count VII (Corporate Veil Piercing), Count IX (Unjust Enrichment) and Count XI (Constructive Trust).

2. After they were served with the Complaint, Wittstrom and Tannehill sought Chicago counsel, and they retained Sperling & Slater on December 19, 2012.

3. On December 19, 2012, Dina Rollman, an attorney at Sperling & Slater, left a telephone message for Plaintiffs' counsel, Theodore Roosevelt Jamison III, requesting Plaintiffs' consent to an extension of time to answer or otherwise respond to the Complaint. Plaintiffs' counsel did not respond to that telephone message.

4. On December 20, 2012, Ms. Rollman sent Plaintiffs' counsel an email requesting that he contact her by phone or email. Plaintiffs' counsel did not respond to the email. As a result, Wittstrom and Tannehill were not able to obtain Plaintiffs' consent to this Motion.

5. Wittstrom and Tannehill respectfully request an extension of time to respond to the Complaint in order to allow them sufficient time to file a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

6. Plaintiffs allege that Wittstrom and Tannehill are California residents. (Complaint ¶¶ 8, 9.) Plaintiffs do not and cannot allege any facts to establish that either Wittstrom or Tannehill transact business in Illinois or otherwise have contacts with Illinois sufficient to subject them to jurisdiction here pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209. Plaintiffs allege only that two of the other defendants, "Vyasil and Vyas[,] have done business in the State of Illinois and contractually consented to jurisdiction." (Complaint ¶ 11.) Because Plaintiffs cannot establish that either Wittstrom or Tannehill are subject to personal jurisdiction in Illinois, Wittstrom and Tannehill intend to seek dismissal pursuant to Rule 12(b)(2), and they respectfully seek a short extension to enable their counsel time to prepare the appropriate papers.

7. Further, Wittstrom and Tannehill respectfully request that, pursuant to Rule 6(b)(1)(B), this Court excuse Wittstrom's and Tannehill's minimal delay in bringing the instant

---

[1] Defendants Wittstrom and Tannehill may move to dismiss on additional grounds as well.

Motion for Extension because: (a) the instant Motion is being brought only one or two days past Tannehill's and Wittstrom's respective deadlines under Rule 12(a)(1)(A)(i) to respond to the Complaint and there will be no significant impact on the judicial proceedings in allowing an extension of time to respond; (b) there is no prejudice to Plaintiffs; (c) the time needed for Wittstrom and Tannehill to find local counsel (as well as illnesses that both suffered in the past three weeks), and their counsel's attempts to secure Plaintiffs' agreement to an extension of time, are valid reasons for the minimal delay here; and (d) Wittstrom and Tannehill have acted entirely in good faith. *See Lewis v. Sch. Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (listing relevant equitable factors and finding "excusable neglect" for late filing of answer); *SJ Properties Suites v. STJ, P.C.*, 2009 WL 4640633, at *8-9 (E.D. Wis. 2009) (granting motions for extension of time where defendants filed answers over three weeks after deadline, and delay was caused by time for defendants to find local counsel).

WHEREFORE, Defendants Wittstrom and Tannehill respectfully request that this Court enter the attached Order (Exhibit A) extending their time to respond to the Complaint to and including January 18, 2013.

Dated: December 21, 2012 	Respectfully submitted,

Karl Wittstrom and Ryan Tannehill

By: \_\_\_\_\_/s/ Dina G. Rollman_____

Greg Shinall
Dina G. Rollman
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, IL 60603
(312) 641-3200

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINKEPIC INC., a Nevada corporation; GMAX INC., a Nevada corporation; VEOXO INC., an Illinois corporation; and JUSTIN LONDON, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 12-cv-9058 |
| v. | ) ) | Judge Edmund E. Chang |
| VYASIL, LLC, a California company, d/b/a eWITTAS; MEHUL VYAS, an individual; KARL WITTSTROM, an individual; RYAN TANNEHILL, an individual; and HEMANG VYAS, an individual, | ) ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |

## ORDER

IT IS HEREBY ORDERED that the Motion of Defendants Wittstrom and Tannehill for Extension of Time to Respond to Plaintiffs' Complaint is GRANTED. Defendants Wittstrom and Tannehill shall have to and including January 18, 2013 to answer or otherwise respond to Plaintiffs' Complaint.

ENTERED:

_____
Judge Edmund E. Chang

Prepared by:

Dina G. Rollman
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200

## **CERTIFICATE OF SERVICE**

    I, Dina G. Rollman, an attorney, hereby certify that a true and correct copy of the foregoing *Motion for Extension of Time*, has been served upon the parties via ECF electronic filing this 21st day of December, 2012.

/s/ Dina G. Rollman