IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINKEPIC INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 12-cv-9058 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| VYASIL, LLC, *et al.*, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS WITTSTROM AND TANNEHILL'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

In their Second Amended Complaint ("SAC"), Linkepic Inc., GMAX Inc., Veoxo Inc., and Justin London (together, "Plaintiff") allege that defendant Vyasil, LLC ("Vyasil") breached software development contracts, and that defendant Mehul Vyas, Vyasil's founder, CEO, and 80% owner, misrepresented Vyasil's ability to perform under those contracts. Plaintiff seeks to hold two California residents, Karl Wittstrom and Ryan Tannehill, liable for Vyasil's and Vyas' alleged misconduct. The SAC should be dismissed as to Wittstrom and Tannehill for two independent reasons: lack of personal jurisdiction and failure to state a claim.

Wittstrom and Tannehill do not have sufficient "minimum contacts" with Illinois for this Court to exercise personal jurisdiction over them. Wittstrom has no relevant contacts with Illinois, much less Plaintiff, and was never a member, manager, officer or employee of Vyasil. (Wittstrom Decl., Ex. A hereto.) Likewise, Tannehill has no relevant contacts with Illinois, or Plaintiff, and was never a member, officer or employee of Vyasil. (Tannehill Decl., Ex. B hereto.) As Vyasil's manager, Tannehill had no involvement in Vyasil's business dealings with Plaintiff. (*Id.*, ¶¶ 16-17.) Wittstrom's and Tannehill's declarations refute Plaintiff's conclusory allegations that the Court has personal jurisdiction over them.

Second, the SAC fails to state a claim against Tannehill or Wittstrom. Plaintiff alleges that at some unspecified time, London learned from third-party websites that Tannehill and Wittstrom were "members" of Vyasil. (*E.g.*, SAC ¶¶ 22, 93 (Count XIII); Exs. 11 and 12 thereto.) Plaintiff allegedly relied upon information from these websites (information which he assumes was derived from a one-page form document filed by Vyasil with the California Secretary of State in 2009 (the "Filing")) to conclude that Wittstrom and Tannehill were "managing members" of Vyasil. (SAC ¶ 94 (Count VIII).) According to Plaintiff, Wittstrom and Tannehill misled Plaintiff either by submitting the Filing in the first place or by failing to correct it. However, neither Tannehill nor Wittstrom owed Plaintiff, an Illinois resident with whom they had no dealings, any duty whatsoever with respect to the Filing or any of the third-party websites upon which Plaintiff alleges he relied.

Nor has Plaintiff pleaded that the Filing, as opposed to Vyasil's alleged breach of contract, caused Plaintiff any injury. Plaintiff strains to assert that he took comfort that Wittstrom and Tannehill were in some way associated with Vyasil, but the suggestion that Plaintiff entered into contracts for the development of computer software because of unspecified involvement by Wittstrom (owner of a winery and ranch) and Tannehill (general contractor and builder of farm buildings) is implausible in the extreme. (SAC ¶¶ 22-23.) Rather, as the SAC alleges, London relied upon specific assurances from Vyas that Vyasil could produce the software that he needed. (*E.g.*, SAC ¶ 48.)

The SAC should be dismissed with prejudice as against Wittstrom and Tannehill pursuant to Rules 12(b)(2) and 12(b)(6).

**ARGUMENT**

I.  **The Court Lacks Personal Jurisdiction over Wittstrom and Tannehill.**

Plaintiff bears the burden of establishing the Court's personal jurisdiction over Wittstrom and Tannehill, *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714-15 (7th Cir. 1998), and, upon submission of evidence opposing jurisdiction, Plaintiff must "go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003). Plaintiff must first establish that Wittstrom and Tannehill "purposefully established minimum contacts" with Illinois. *Eco Pro Painting, LLC v. Sherwin-Williams Co.*, 807 F. Supp. 2d 732, 736 (N.D. Ill. 2011). If Plaintiff satisfies this burden, the Court must then determine that exercising personal jurisdiction would not offend traditional notions of fair play and substantial justice. *Id.* Because Plaintiff cannot establish that Wittstrom and Tannehill purposefully established minimum contacts with Illinois, the SAC must be dismissed for lack of personal jurisdiction.

    A.  **Wittstrom and Tannehill Have Not Purposefully Established Minimum Contacts With Illinois.**

Plaintiff asserts this Court has specific personal jurisdiction over California residents Wittstrom and Tannehill by conclusory, unsupported allegations that they "purposefully directed" business activities at Illinois through Vyasil and Vyas. (SAC ¶ 11.) Not so. Wittstrom was never associated with Vyasil, did not conduct any business for Vyasil in Illinois or anywhere, and he never represented to anyone that he owned, controlled, or had any membership interest in Vyasil. (Ex. A, ¶¶ 14-15, 17-19.) Tannehill never directed Vyasil's business operations, in Illinois or anywhere, and never initiated contact with anyone in Illinois on behalf of Vyasil. (Ex. B, ¶¶ 16-17.) Because Wittstrom and Tannehill have no relevant contacts to this State whatsoever, much less contacts that relate to the conduct challenged in this suit, this Court

has no jurisdiction over them. *See Centurion Serv. Group, LLC v. SBMC Healthcare, LLC*, No. 12 C 9318, --- F. Supp. 2d ----, 2013 WL 1903292, *1, 3-4 (N.D. Ill. May 7, 2013) (dismissing complaint against manager and CEO of Texas limited liability company for lack of personal jurisdiction).

### B. Neither Vyas Nor Vyasil Were Agents of Wittstrom or Tannehill.

Nor are Wittstrom and Tannehill subject to personal jurisdiction through the acts of Vyas or Vyasil. To establish an agency relationship, Plaintiff must show that Vyas/Vyasil had either actual or apparent authority to act on Wittstrom's or Tannehill's behalf. *See Tri-Meats, Inc. v. NASL Corp*, No. 99 C 3692, 2001 WL 292621, at *3-7 (N.D. Ill. Mar. 26, 2001). The SAC alleges no such actual or apparent authority, and none existed – neither Wittstrom nor Tannehill authorized Vyas or Vyasil to act on their behalf, nor did either of them do anything to give Plaintiff the impression that Vyas or Vyasil was their agent. (Ex. A, ¶¶ 19, 21-22; Ex. B, ¶¶ 23-24.) Accordingly, the Court may not exercise jurisdiction over Wittstrom and Tannehill based upon any contacts that Vyas or Vyasil may have had with Illinois. *Tri-Meats, Inc.*, 2001 WL 292621, at *7 (dismissing for lack of jurisdiction where plaintiff failed to establish agency relationship); *New Process Steel, L.P. v. PH Group Inc.*, No. 02 C 1802, 2002 WL 31253886, at *2 (N.D. Ill. Oct. 8, 2002) (same).

### C. Vyasil Is Not the Alter Ego of Wittstrom or Tannehill.

Finally, the Court does not have jurisdiction over Wittstrom or Tannehill on an "alter ego" theory. To make such a claim, Plaintiff must allege that 1) there is such unity of interest and ownership between Vyasil and Wittstrom and/or Tannehill that their separate personalities no longer exist; and 2) adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice. *ING (U.S.) Sec., Futures & Options, Inc. v. Bingham Investment*

*Fund, L.L.C.*, 934 F. Supp. 987, 988-89 (N.D. Ill. 1991). Piercing of the corporate veil is a "task which courts should undertake reluctantly," and requires a "substantial showing" that the corporation is "really a dummy or sham." *Pederson v. Paragon Pool Enter.*, 214 Ill. App. 3d 815, 820 (1st Dist. 1991).[1] The Court should not assert jurisdiction over Wittstrom or Tannehill on an "alter ego" theory, because the SAC does not state even a "minimally viable" claim that Vyasil's corporate form should be disregarded. *See Central States, Southeast & Southwest Areas Pension Fund v. Edwards*, No. 95 C 5203, 1996 WL 385344, at *7 (N.D. Ill. July 2, 1996).

*First*, Plaintiff does not allege and cannot show any "unity of interest" between Wittstrom or Tannehill and Vyasil.[2] Wittstrom is not now and never was an owner or employee of Vyasil. (Ex. A ¶¶ 14-15; SAC ¶ 135 (Count VII) n.11.) Vyasil's Operating Agreement, attached to the SAC, shows as much. (SAC, Ex. 3 thereto.) Nor does Plaintiff allege facts to support a conclusion that Wittstrom had any control over Vyasil or its manager or members, or to identify any interest of Wittstrom's that was aligned with Vyasil's. There is thus no basis in law or equity to subject Wittstrom to this Court's jurisdiction, much less hold Wittstrom liable, on a veil piercing theory.

Tannehill, like Wittstrom, is not a member or owner of Vyasil (Ex. B ¶ 14), and Tannehill's status as manager alone is insufficient to subject him to jurisdiction (or hold him liable) under a veil piercing theory. *See Poulsen Roser A/S v. Jackson & Perkins Wholesale, Inc.*,

---

[1] When a party seeks to pierce the corporate veil to establish personal jurisdiction in Illinois, Illinois law governs the analysis. *See Nathan v. Morgan Stanley Renewable Dev. Fund*, LLC, No. 11 C 2231, 2012 WL 1886440, at *7 (N.D. Ill. May 22, 2012). To pierce the corporate veil on a substantive claim, the law of the state of organization (here, California) applies. *Id.* California courts consider the same factors as an Illinois court when deciding whether a corporation is merely an alter ego. *See Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000).

[2] Plaintiff's conclusory allegations "on information and belief" (SAC ¶¶ 130-33 (Count VII)) are categorically insufficient to support an alter ego claim. *See RehabCare Group East, Inc. v. Certified Health Mgmt., Inc.*, No. 07 C 2923, 2007 WL 3334500, at *2-3 (N.D. Ill. Nov. 8, 2007) (dismissing veil piercing claim based upon formulaic and skeletal conclusions "upon information and belief").

No. 10 C 1894, 2010 WL 3419460, at *6 (N.D. Ill. Aug. 26, 2010) (director not subject to personal jurisdiction under alter ego theory); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 381 (7th Cir. 2008) (corporate officer not liable under veil piercing theory). Tannehill was not involved in the day-to-day affairs of Vyasil, did not commingle his personal assets with the assets of Vyasil, and did not otherwise operate Vyasil as his alter ego. (Ex. B, ¶¶ 16-19.)[3] Accordingly, the SAC does not plead Vyasil is Tannehill's alter ego.

*Second*, the SAC alleges no fraud or injustice to justify disregarding Vyasil's corporate form. It is well-settled that concern about the collectability of an eventual judgment is insufficient. *Firstar Bank , N.A. v. Faul Chevrolet, Inc.*, 249 F. Supp.2d 1029, 1042 (N.D. Ill. 2003) ("Illinois courts will not pierce the corporate veil simply to allow a plaintiff to collect on its outstanding debt."); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1117 (C.D. Cal. 2003) ("California courts have rejected the view that the potential difficulty a plaintiff faces collecting a judgment is an inequitable result that warrants application of the alter ego doctrine."). Here, the SAC alleges that Vyasil failed to perform its contractual obligations. (SAC ¶¶ 135, 137 (Count VII).) This is not a fraud or injustice requiring Vyasil's corporate veil to be disregarded.

Because Wittstrom and Tannehill lack purposeful minimum contacts with Illinois, this Court lacks personal jurisdiction over them and the SAC should be dismissed with prejudice.[4]

---

[3] Vyasil's members are Vyas and RMT Enterprises, LLC. (SAC ¶ 131 (Count VII) n.10 & Ex. 3.) Contrary to the SAC, RMT Enterprises, LLC is not a "d/b/a" of Tannehill. It is a California limited liability company in good standing and is not a party to this case. (Ex. B, ¶ 13.)

[4] Because Plaintiffs cannot establish that Wittstrom and Tannehill purposefully established minimum contacts with Illinois, the Court need not address whether the exercise of jurisdiction over them would otherwise comport with traditional notions of fair play and substantial justice. Wittstrom and Tannehill will address this issue if the Court deems it necessary.

## II. The SAC Fails to State a Claim Against Wittstrom or Tannehill.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face" and that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A "plausible" claim requires "more than a sheer possibility that the defendant has acted unlawfully," and must be supported by more than "naked assertions" and facts that are "'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*). Rather, a plaintiff must allege facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Fraud claims, including those brought under the Illinois consumer fraud statute, are subject to the heightened pleading requirements of Rule 9(b). *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 440-41 (7th Cir. 2011). Because the SAC fails to meet these pleading standards, the Court should dismiss all claims asserted against Wittstrom and Tannehill.

### A. The SAC Fails to State a Claim for Violation of Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (815 ILCS 505/2) (Count VI).

Plaintiff's ICFA claim against Wittstrom and Tannehill arises from the allegedly inaccurate Filing and some undefined act of "deceiving the Plaintiffs into believing that Vyasil was legally allowed to do business" and "had sufficient capital to cover legal obligations." (SAC ¶¶ 127-28 (Count VI).) To state a claim, Plaintiff must allege, subject to Rule 9(b): 1) an unfair or deceptive act or practice; 2) defendant's intent that plaintiff rely upon the alleged deceptive act or practice; 3) that the unfair act or deceptive practice occurred in trade or commerce; and 4) proximate cause. *Galvan v. Northwestern Mem'l Hosp.*, 382 Ill. App. 3d 259, 263-64 (1st Dist. 2008); *Pirelli*, 631 F.3d at 441. Plaintiff has failed to do so.

*First*, Plaintiff fails to allege an unfair or deceptive act or practice. "Disputes between businessmen over a contract generally are not covered by the Illinois Consumer Fraud Act unless the breach implicates consumer protection concerns." *Newscope Tech., Ltd. v. Ameritech Info. Indus. Serv., Inc.*, No. 99 C 52, 1999 WL 199650, at *8 (N.D. Ill. Apr. 5, 1999). Illinois courts have repeatedly rejected attempts to state a claim under the ICFA "merely by alleging a fraudulent breach of contract." *Stepan Co. v. Winter Panel Corp.*, 948 F. Supp. 802, 806 (N.D. Ill. 1996). Plaintiff purports to allege that defendants defrauded him "in their particular business relationship," not that defendants defrauded the "public at large." *Newscope Tech.*, 1999 WL 199650, at *8; *see also Cold Spring Granite Co. v. Info. Mgmt. Assoc., Inc.*, No. 99 C 6690, 1999 WL 1249337, at *4 (N.D. Ill. Dec. 17, 1999). For this reason, the allegedly inaccurate Filing cannot constitute an unfair or deceptive act or practice because it was not sent to Plaintiff by Wittstrom or Tannehill or broadcast by them to the public at large. Nor can Plaintiff rely upon vague allegations that Wittstrom and Tannehill somehow "deceived" him – the SAC identifies no representation made by Wittstrom or Tannehill to Plaintiff (or anyone) regarding Vyasil's business, legal status or capital.

*Second*, Plaintiff makes no allegation that Wittstrom or Tannehill intended that Plaintiff rely upon the Filing (or anything else). Such an allegation would be implausible if made – the Filing was submitted in April 2009, long before Plaintiff ever contacted Vyas or Vyasil (SAC ¶¶ 21, 27), and was never transmitted by Wittstrom or Tannehill (or anyone else) to Plaintiff. Count VI must therefore be dismissed. *See Sharkey v. NAC Mktg. Co., LLC*, No. 12 C 4353, 2012 WL 5967409, *8-9 (N.D. Ill. Nov. 28, 2012) (dismissing ICFA claim for failure to plead defendant's intent that plaintiff rely upon alleged misstatement).

*Third*, because the SAC contains no allegation that Wittstrom or Tannehill made direct misrepresentations to Plaintiff, the SAC fails to allege proximate cause. *See Amerigas Propane, L.P. v. BP America, Inc.*, 691 F. Supp. 2d 844, 851 (N.D. Ill. 2010) (dismissing ICFA claim; "[I]f there has been no communication with the plaintiff, . . . the plaintiff has not properly alleged proximate cause.") (quotation omitted).

### B. The SAC Fails to State A Claim for Corporate Veil Piercing (Count VII).

Count VII requests that the Court pierce the "corporate veil" of Vyasil and hold "Tannehill d/b/a RMT Enterprises" and Wittstrom liable for Vyasil's debts. Veil-piercing is not a cause of action; it is a remedy once liability on a cause of action is established. *See U.S. v. All Meat and Poultry Prod. Stored at LaGrou Cold Storage*, 470 F. Supp. 2d 823, 833 (N.D. Ill. 2007) (dismissing veil-piercing cause of action with prejudice); *see also Crescent Woodworking Co., Ltd. v. Accent Furniture, Inc.*, No. EDCV 04-1318 RT (PJWx), 2005 WL 5918848, *8 (E.D. Cal. Aug. 10, 2005) (dismissing alter ego "cause of action" with prejudice). In any event, as set forth above in Section I(C), the SAC fails to plead the elements of a corporate veil-piercing claim. Accordingly, Count VII should be dismissed with prejudice.

### C. The SAC Fails to State a Claim for False Misrepresentation (Count VIII).

Count VIII purports to state a claim for "False Misrepresentation" against Tannehill. To state a claim for fraud under Illinois law, the plaintiff must plead 1) a false statement of material fact; 2) defendant's knowledge that the statement was false; 3) defendant's intent that the statement induce the plaintiff to act; 4) plaintiff's reliance upon the statement; and 5) damages resulting from such reliance. *Tricontinental Indus., Inc. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841-42 (7th Cir. 2007) (affirming dismissal of fraud claim). Further, "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation,

9

and the method by which the misrepresentation was communicated to the plaintiff" must be pleaded to satisfy Rule 9(b). *Kennedy v. Venrock Associates,* 348 F.3d 584, 593 (7th Cir. 2003) (citation omitted). The SAC alleges two types of allegedly false statements: 1) the Filing (SAC ¶¶ 90-94 (Count VIII)); and 2) allegedly false invoices that Tannehill purportedly "sent to Plaintiff, by and through Vyas or his agents" (SAC ¶¶ 95-98 (Count VIII)). The SAC's allegations do not satisfy the pleading requirements of Rule 9(b).

Plaintiff contends that the Filing falsely states that "Tannehill and Wittstrom were the managers and/or members of Vyasil." (SAC ¶ 90 (Count VIII).) This does not state a fraud claim, however, because Plaintiff does not allege receipt of the Filing or reliance on the Filing; that Tannehill intended that the Filing induce Plaintiff to act; or that Tannehill knew that the Filing was false. (SAC ¶¶ 92-93 (Count VIII).) *See Kennedy,* 348 F.3d at 593 (fraud claim requires particular allegations regarding the time/place/method of communication); *Tricontinental Indus., Inc.*, 475 F.3d at 844 n.13 (fraud claim requires allegation of scienter); *Landon v. GTE Commc'n Serv. Inc.*, 696 F. Supp. 1213, 1219 (N.D. Ill. 1988) (fraud claim requires allegation of knowledge of falsity; allegation that defendant "knew or should have known" insufficient).[5] Nor has Plaintiff alleged proximate cause, because the SAC contains no facts to make plausible the claim that his losses are linked to the Filing. *See Tricontinental Indus., Inc.*, 475 F.3d at 844 (affirming dismissal where plaintiff did not "set forth any facts showing that the losses it suffered are proximately linked to the alleged misstatements").[6]

---

[5] Should Plaintiff contend that he intended to plead negligent misrepresentation, Count VIII must nonetheless be dismissed. A negligent misrepresentation claim requires the existence of a duty to provide accurate information. The SAC pleads no such duty and none exists here. *Hoover v. Country Mut. Ins. Co.*, 2012 IL App (1st) 110939, ¶ 45 (affirming dismissal of negligent misrepresentation claim).

[6] In another part of the SAC not incorporated into Count VIII, Plaintiff alleges that he would not have entered into contracts with Vyasil if he had "known the truth that Tannehill and Wittstrom were not the managing members of Vyasil." (SAC ¶ 173 (Count XIV).) Such an allegation is not plausible,

Plaintiff also alleges that Tannehill "by and through Vyas or his agents" had numerous allegedly false invoices sent to Plaintiff. (SAC ¶ 95 (Count VIII).) These invoices were false, Plaintiff alleges, because the work for which the invoices sought payment "had not been performed and would not be." (SAC ¶ 96 (Count VIII).) These allegations, too, fail to state a claim against Tannehill. The SAC does not plead with particularity that any invoice purportedly sent by Tannehill contains a material misrepresentation, rather than requesting payment pursuant to the terms of Plaintiff's contracts with Vyasil. Nor does the SAC plead with particularity that Tannehill prepared or sent the allegedly false invoices or caused anyone else to do so. Rather, Plaintiff alleges that "Vyasil" "invoiced London," and that London "wired money to the bank accounts that Vyas provided." (SAC ¶ 32.) The SAC further alleges that "Vyas . . . directed London to wire payment," and that "Vyas and Vyasil" made representations that "the work was being performed as promised." (SAC ¶¶ 54-55, 59.) That certain of the invoices attached to the SAC contain Tannehill's typewritten name is of no consequence – Plaintiff does not allege receipt of the allegedly false invoices from Tannehill with particularity. Rather, the SAC repeatedly alleges that payment was requested by and made at the direction of Vyas. (*See, e.g.*, SAC ¶¶ 31, 32, 35, 38, 52, 55, 64.) Finally, the SAC does not plead with particularity that Tannehill knew any invoice was false, but instead alleges that he "knew or had reason to know" that work was not performed. (SAC ¶ 96 (Count VIII).) This is alleged negligence, not the particularized allegation of scienter required for a fraud claim. *Landon,* 696 F. Supp. at 1219.

For all of the above reasons, Count VIII should be dismissed.

---

particularly in light of the SAC's allegations, among other things, that London "agreed to pay Vyasil to build the systems and technologies for his companies in reliance on Vyas' representations they could complete the work." (SAC ¶ 31; *see also* SAC ¶ 48 (alleging specific representations regarding contractual performance allegedly relied upon by Plaintiff)).

11

### D. The SAC Fails to State a Claim for Detrimental Reliance (Count IX).

Count IX purports to state a claim for "Detrimental Reliance" against both Wittstrom and Tannehill. "Detrimental reliance" is not a cause of action recognized in Illinois. *See Danna v. Med Data, Inc.*, 2012 IL App (2d) 120122-U, ¶ 25. Where appropriate, courts have treated attempts to plead a cause of action for "detrimental reliance" as a cause of action for promissory estoppel, for which "detrimental reliance" is one element. *Id.* Thus, absent outright dismissal of Count IX, the Court should consider whether Count IX states a claim for "promissory estoppel" against either Wittstrom or Tannehill. It does not.

To state a promissory estoppel claim, a plaintiff must allege: 1) the defendant made an unambiguous promise to the plaintiff; 2) the plaintiff relied upon the promise; 3) the plaintiff's reliance was expected and foreseeable by the defendants; and 4) the plaintiff relied upon the promise to his detriment. *Danna*, 2012 IL App (2d) 120122-U, ¶¶ 25-26 (affirming dismissal of "detrimental reliance" claim for failure to plead unambiguous promise).

Count IX does not state a promissory estoppel claim because it does not identify any "unambiguous promise" to Plaintiff. The Filing did not promise anything about operations of Vyasil, much less promise the performance of Vyasil's contractual obligations. Further, the Filing was submitted in 2009 (SAC ¶ 21), long before London contacted Vyas the next year (SAC ¶ 27), and therefore Plaintiff's reliance upon it (which the SAC does not even allege) could not have been expected or foreseeable. Nor does the allegation that Wittstrom "acquiesced and/or ratified Tannehill's representations" establish a promise to Plaintiff. (SAC ¶ 140 (Count IX).) *See Kastel v. Winnetka Bd. of Educ., Dist. 36*, 975 F. Supp. 1072, 1083 (N.D. Ill. 1997) (no promissory estoppel where principal "remained silent" when plaintiff "stated her belief that she could be re-employed after retirement"). Nor did Wittstrom, who Plaintiff alleges was not a

12

member or manager of Vyasil, have any power to change what Vyasil reported in the Filing or have any duty to Plaintiff to try. Because the SAC alleges no "unambiguous promise" made by either Tannehill or Wittstrom to Plaintiff, Count IX fails to state a claim for promissory estoppel (as opposed to "detrimental reliance") and must be dismissed.

### E. The SAC Fails to State a Claim for Unjust Enrichment (Count X).

To state a claim for unjust enrichment, Plaintiff must allege that Wittstrom or Tannehill unjustly retained a benefit to Plaintiff's detriment, and that the retention of such benefit violated the principles of justice, equity and good conscience. *HPI Health Care Serv., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160 (1989). The SAC fails to plead either requisite element.

*First*, Count X is premised upon the alleged breach of express contracts by Vyasil. (SAC ¶¶ 144, 146 (Count X).) Plaintiff therefore cannot state a cause of action for unjust enrichment because "where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Astor Prof'l Search, LLC v. MegaPath Corp.*, No. 1:12-cv-02313, 2013 WL 1283810, at *3 (N.D. Ill. Mar. 27, 2013).

*Second*, Plaintiff does not allege that Wittstrom or Tannehill received any benefit from Plaintiff or from Vyasil. Rather, the SAC alleges that Plaintiff made payments to *Vyasil* or to *Vyas*. (*See, e.g.*, SAC ¶¶ 31, 32, 35, 38, 52, 55, 64.) Accordingly, Count X fails to state a claim against Wittstrom or Tannehill. *See Bank of America, N.A. v. Knight*, 875 F. Supp. 2d 837, 854 (N.D. Ill. 2012) (allegation that defendants "received some unspecified payments at some unspecified time" insufficient "[e]ven under liberal notice pleading standards").

### F. The SAC Fails to State a Claim for Violation of Cal. Corp. Code § 17702.07 (Count XIII).

Count XIII purports to state a claim for violation of Section 17702.07 of the California Corporations Code. Section 17702.07 was enacted as part of California's Revised Uniform

13

Limited Liability Company Act ("Act"), which "shall become operative on January 1, 2014." Cal. Corp. Code § 17713.13. Therefore, because Section 17702.07 of the California Corporations Code is not the law of California, Tannehill cannot be held liable for its violation. *See, e.g.*, *Chalmers v. Hirschkop*, 213 Cal. App. 4th 289, 313 (Cal. Ct. App. 2013) (statute not yet operative "did not apply"). Therefore, Count XIII should be dismissed.

### G. The SAC Fails to State a Claim for Breach of Fiduciary Duty/Constructive Fraud (Count XIV).

To state a claim for breach of fiduciary duty, Plaintiff must allege 1) the existence of a fiduciary duty; 2) breach of that duty; and 3) damages proximately caused by the breach. *Ostrolenk Faber LLP v. Genender Intern. Imports, Inc.*, 2013 IL App (1st) 112105-U, ¶ 12. "The plaintiff has the burden to plead with specificity and prove by clear and convincing evidence the existence of a fiduciary or special relationship." *Greenberger v. GEICO Gen. Ins. Co.,* 631 F.3d 392, 401 (7th Cir. 2011). Similarly, a claim for "constructive fraud," requires allegations that the defendant 1) breached a fiduciary duty owed to plaintiff; and 2) knew of the breach and accepted the fruits of the fraud. *Joyce v. Morgan Stanley & Co., Inc.*, 538 F.3d 797, 800 (7th Cir. 2008) (affirming dismissal of constructive fraud claim).

The SAC contains no allegations supporting the existence of a fiduciary relationship between Plaintiff and Wittstrom or Tannehill. Plaintiff's agreements with Vyasil (to which Wittstrom and Tannehill were not parties) did not create any fiduciary duty, because "[p]arties to a business agreement ... are presumed capable of guarding their own interests," *Yokel v. Hite,* 348 Ill. App. 3d 703, 706 (5th Dist. 2004), and "mere allegations that one businessman simply trusted another to fulfill his contractual obligations is certainly not enough" to establish a fiduciary duty. *Oil Exp. Nat., Inc. v. Burgstone*, 958 F. Supp. 366, 370 (N.D. Ill. 1997). Nor are any other circumstances alleged to support a fiduciary relationship between Plaintiff and

Wittstrom and Tannehill. "To the extent plaintiffs intend[] to claim a fiduciary duty arose from particular circumstances, it [is] incumbent upon them to identify those circumstances and plead them with specificity." *Martin v. State Farm Mut. Auto. Ins. Co.,* 348 Ill. App. 3d 846, 851-52 (1st Dist. 2004). Plaintiff has not done so.

Because the SAC does not allege the existence of a fiduciary relationship between Plaintiff, on the one hand, and either Wittstrom or Tannehill, on the other, Count XIV should be dismissed.

## CONCLUSION

Defendants Wittstrom and Tannehill respectfully request that this Court enter an Order dismissing the SAC with prejudice.

Dated: May 15, 2013                                       Respectfully submitted,

                                                                            KARL WITTSTROM and
                                                                            RYAN TANNEHILL


                                                                            By:___/s/ Matthew H. Rice_____
                                                                                  One of their attorneys

Greg Shinall (ARDC 6204392)
shinall@sperling-law.com
Dina G. Rollman (ARDC 6272301)
drollman@sperling-law.com
Matthew H. Rice (ARDC 6280991)
mrice@sperling-law.com
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, IL 60603
(312) 641-3200