IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LINKEPIC INC.,** a Nevada company, **GMAX INC.,** a Nevada company, **VEOXO INC.,** an Illinois company**, JUSTIN LONDON,** an individual. <br><br> Plaintiffs. <br><br> v. <br><br> **VYASIL, LLC,** a California company**, d/b/a eWITTAS,** <br> **MEHUL VYAS,** an individual**, KARL WITTSTROM,** an individual**, RYAN TANNEHILL,** an individual**, HEMANG VYAS,** an individual**.** <br><br> Defendants. | Case No: 12-cv-9058 <br><br> District Judge Chang <br> Magistrate Judge Valdez <br><br> Jury Demand |

### **PLAINTIFFS' MOTION IN LIMINE TO BAR TESTIMONY AND REPORT OF JONATHAN HOCHMAN**

NOW COME Plaintiffs, by and through the undersigned, and moves in *limine,* and in support thereof states:

### **ARGUMENT**

The trial judge plays a "gatekeeping role" to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 589, 597 (1993). Expert opinions are admissible only if "(1) the proposed witness would testify to valid scientific, technical, or other specialized knowledge and (2) his testimony will assist the trier of fact…A court is expected to reject any subjective belief or speculation." *Ammons v. Aramark Uniform Services, Inc*., 368 F.3d 809, 816 (7th Cir. 2004). Plaintiff bears the burden of demonstrating by a preponderance of the evidence that the expert's

testimony would satisfy the Daubert standard." *Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

The entirety of Jeffrey Stec's expert opinion and report is simply that all of plaintiffs' damages are "speculative". The opinion contains absolutely no valid scientific, technical, or other specialized knowledge. See Exhibit A – Stec Report. There is nothing in Stec's report that aids a trier in fact. Stec conducted no market analysis, did not review the plaintiffs' business plans, conduct no analysis of what IP existed or did not exist at the time, and simply stating the computing damages are "speculative" is itself based on subjective belief and speculation given that the plaintiffs' experts have been able to quantify plaintiffs' damages to reasonable degree of certainty based on actual market data, expertise, and products in the market at the time.

WHEREFORE, plaintiffs pray that Jeffrey Stec's report be barred and excluded as it does not meet the Daubert standard, and for any other relief this Court deems just and equitable.

    Respectfully Submitted,

**LINKEPIC INC.,** a Nevada company, **GMAX INC.,** a Nevada company, **VEOXO INC.,** an Illinois company**, JUSTIN LONDON,** an individual.

/s/ Justin London
On behalf of Plaintiffs

Justin London (#6293251)
LONDON LAW GROUP
1920 N. Maud, Ste. A
Chicago, Illinois 60614
Phone: 773-528-1433
Fax: 773-528-2677
jlondondon@gmail.com

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I have on this 23rd day of August, 2016, served a true and accurate copy of the foregoing Notice of Filing of **Plaintiffs Motion in Limin to Exclude the Testimony and Report of Jeffrey Stec** upon the registered parties electronically with the CM/ECF system, which will send notification of such filings.

                                                                  /s/ Justin London

Justin London (#44207)
LONDON LAW GROUP
1920 N. Maud, Ste. A
Chicago, IL 60614
(773) 528-1433
Attorney No: 6293251