**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VEOXO, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 12 cv 9058 |
| | ) | |
| v. | ) | Honorable Judge Edmond E. Chang |
| | ) | |
| VYASIL, LLC et al., | ) | Honorable Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFFS' MOTIONS IN LIMINE (BENCH TRIAL)**

Defendant Vyasil, LLC, by its attorneys, respectfully submits this response to plaintiffs'

motions in limine Nos. 1 through 5:

**No. 1 – Expert Testimony.** Plaintiffs have moved to bar expert testimony "as to any

matters outside their expert reports and on any matters that they do not have any personal

knowledge and/or expertise in including the damages that the plaintiffs have sustained,

replacement costs, machine learning, and speech recognition technologies." It is not clear what

evidence plaintiffs are seeking to exclude by this motion. To the extent this motion is a

challenge under Rule 702, it lacks any specifity as to how defendant's expert testimony

supposedly violates Rule 702, and should therefore be denied. To the extent this motion seeks to

exclude testimony not properly disclosed under Rule 26(a)(2), it is both premature and

unfounded since it does not specifically identify any particular testimony that should be excluded

on this basis and should be denied.

**No. 2 – Exclude Jeffery Stec.** Plaintiffs seek to bar Jeffery Stec as an expert witness.

Stec was not identified as a trial witness by defendant, so this motion should be denied as moot.

**No. 3 – Exclude Jonathan Hochman.** Plaintiffs seek to bar Jonathan Hochman as an expert witness. Plaintiffs have filed a separate motion on this issue to which Vyasil will file a separate response.

**No. 4 – Skype Communications.** Plaintiffs seek to bar London's Skype communications with Mehul Vyas ("Vyas") on the basis of hearsay and lack of foundation because Vyas was never deposed. On the other hand, plaintiffs seek to introduce Vyas's Skype communications with Wittstrom and obviously believe they have a basis for admissibility. *See* Dkt. 416, Proposed Pre-Trial Order, Tab 2, Pls. Exhibit List at P47 ("Wittstrom-Vyas Skype Chats"). Plaintiffs offer no basis for treating the admissibility of Vyas's Skype communications differently. Moreover, the Court considered and rejected this same argument on summary judgment:

> [T]he majority of Vyas's statements included in the record are admissible because they are not offered to prove the truth of the matter asserted, but rather to show Vyas's state of mind or their effect on the listener—London, Wittstrom, or Tannehill, in this case. Fed. R. Evid. 801. Despite London's protests, Pls.' Resp. at 7 n.11, the fact that the Defendants did not attempt to depose Vyas does not— by itself—prevent them from relying on his statements if they are not offered for their truth or if they are covered by a hearsay exclusion or exception. Fed. R. Evid. 801, 803. Vyas's statements thus cannot be excluded en masse. London is free, of course, to renew objections to *specific* statements from Vyas at trial, whether on hearsay or other evidentiary grounds.

Dkt. 390 at 3 n.2. At this point London has moved in limine to exclude Vyas's Skype communications in en masse. Plaintiffs offer no reason for this Court to reconsider its ruling. Vyas's Skype communications will meet one or more hearsay exceptions, and as noted above, the Court should once again deny plaintiffs' motion.

**No. 5 – Secretary of State Information.** Plaintiffs seek to bar evidence regarding the suspension of the corporate plaintiffs under Rule 402 and Rule 403. But the status of the corporate plaintiffs—both dates of incorporation and suspension—are relevant to several issues

in the bench trial.  For example, Vyasil was defaulted on a claim for breach of a development contract.  LinkEpic was not incorporated, and therefore did not exist until more than a year after the alleged contract was entered into is relevant to determining whether it suffered any damages. The same holds true for the claim involving breach of an SEO contract.  The Court will have to determine which plaintiff supposedly suffered damages and whether it is even a legally recognizable plaintiff.

The information is also relevant to plaintiffs' attempt to pierce the corporate veil.  One of the elements that plaintiffs must establish is that "there [will] be an inequitable result if the acts in question are treated as those of the corporation alone." *Curci Investments, LLC v. Baldwin*, 14 Cal. App. 5th 214, 221, 221 Cal. Rptr. 3d 847, 851 (Ct. App. 2017).  Evidence concerning whether the corporate plaintiffs even existed, or were suspended, is relevant to determining whether they will suffer "an inequitable result" in the absence of veil piercing.  Moreover, as an equitable remedy, plaintiffs' own conduct, including signing contracts on behalf of companies that did not exist (LinkEpic) or allowing the companies to become suspended, is relevant to weighing the equities.

Furthermore, although plaintiffs invoke Fed. R. Evid. 403, they do not explain how the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Thus, the motion should be denied.

**No. 6 – London's Law Website.**  London seeks to exclude evidence that Vyasil completed work on his law website, jlondonlaw.com.  London claims such evidence would be "highly misleading and prejudicial" because this website is less sophisticated than the LinkEpic

website or GMAX project.  London also argues that this evidence should be excluded because it was not the subject of expert testimony.

This evidence is relevant to damages, as it tends to show that Vyasil performed the work for which London paid, including development of a LinkEpic website and SEO services.  The evidence is also relevant to London's attempt to pierce the corporate veil, as it tends to disprove the idea that the defendants were engaged in a massive scheme to defraud London, since London not make any legal claims in connection with Vyas's work on his law website or SEO services for the site, and that he is still using the website today.  London can hardly claim fraud for work developing a website that he is actually using.

Furthermore, the law website is relevant to showing the type of software development services that Vyasil was capable of providing.  To the extent plaintiffs are allowed to pursue anything more than the payments made to Vyasil as damages in the bench trial, defendant should be permitted to introduce the website as evidence to show that it would have been highly improbable, if not impossible, for a company that built websites like jlondonlaw.com to develop an intelligent mobile conversational assistant or mobile operating system ("GMAX") that could compete against the likes of Apple or Microsoft, and that therefore any damages that depend on the success of such an effort are far too speculative to be awarded.

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendant Vyasil, LLC respectfully requests that this Court deny plaintiffs' motions in limine and grant any such other relief as the Court deems fit.

4

Dated:  September 6, 2019

Respectfully submitted,

/s/ David M. Friebus
John M. Touhy
David M. Friebus
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
(312) 416-6200
(312) 416-6201 (fax)
jtouhy@bakerlaw.com
dfriebus@bakerlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTIONS IN LIMINE (BENCH TRIAL)** to be filed electronically on September 6, 2019. Notice of this filing will be sent to all parties registered on this Court's ECF system. Parties may access this filing through the Court's system.

/s/ David M. Friebus